Edna H. SOBEL, M.D. and Bella C. Clutario, M.D. on behalf of themselves and on behalf of other professional faculty members employed by the Defendant Yeshiva University, similarly situated, Plaintiffs,

Edna H. Sobel, M.D.,
Plaintiff-Appellant-Cross-Appellee,

Equal Employment Opportunity Commission, Plaintiff-Intervenor,
Appellee,

v.

YESHIVA UNIVERSITY, Ephraim Friedman, M.D., Chester Edelman, Jr., M.D., Emanuel Genn, Henry L. Barnett, M.D., Labe C. Scheinberg, Harold Schulman, M.D., Neal Bricker, M.D., Edward J. Hehre, M.D., Henry P. Lauson, M.D., and Arthur S. Abramson, M.D., Defendants-Appellees,

Yeshiva University,
Defendant-Appellee-Cross-Appellant.

United States Court of Appeals
Second Circuit.

Nos. 1451, 1526, Dockets
85–9019, 85–9061.

Argued Aug. 12, 1986.

Decided Aug. 20, 1986.

Eleanor Jackson Piel, New York City, for plaintiff-appellant-cross-appellee Edna H. Sobel.

Daniel Riesel, New York City (Mark A. Chertok, Lawrence R. Sandak, Gerald A. Bodner, Sive, Paget & Riesel, New York City, of counsel), for defendant-appellee-cross-appellant Yeshiva University.

Dianna B. Johnston, Washington, D.C., for plaintiff-intervenor, appellee E.E.O.C.

Before PRATT and MINER, Circuit Judges, and EDWARD D. RE, Chief Judge of the United States Court of International Trade, sitting by designation.

PER CURIAM:

In this Title VII case plaintiffs, full-time faculty members of the Albert Einstein College of Medicine of Yeshiva University, appearing individually and on behalf of a class of women similarly situated, claimed that Yeshiva University discriminated against them on the basis of their sex. After a bench trial the court below concluded that plaintiffs failed to present a *prima facie* case of pay discrimination and, accordingly, dismissed the claim. *See Sobel v. Yeshiva University*, 566 F.Supp. 1166, 1168 (S.D.N.Y.1983).

After the district court issued its opinion the Supreme Court decided the case of

*Bazemore v. Friday*, —— U.S. ——, 106 S.Ct. 3000, 92 L.Ed.2d 315(1986). Because the court below did not have the benefit of the views of the Supreme Court in *Bazemore*, particularly with respect to the significance of pre-act discrimination and the evidentiary weight to be afforded multiple regression analysis, we remand for reconsideration and if necessary, further proceedings in light of *Bazemore*.

Reversed and remanded.